UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

OSUNTOKA SMITH,

          Plaintiff,

         v.                                                 Case No. 21-cv-0397-bhl

VINCENT BISKUPIC, et al.,

          Defendants.

_____

## SCREENING ORDER
_____

Plaintiff Osuntoka Smith, who is currently serving a state prison sentence at the Green Bay Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Smith's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Smith has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Smith has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $23.02. Smith's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that…imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

Smith's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be dismissed. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Instead, it names nearly twenty defendants and sets forth a litany of alleged wrongs in stream-of-consciousness fashion. Smith appears to have submitted only portions of his narrative, as the top of page 7 (which is labeled page 9) includes the parenthetical "(I do not know what happened to the 1-8 of these papers.)" and the top of page 9 (which is labeled page 3) states, "(I do not know what happened to 1-2 of these papers)." Dkt. No. 1 at 7, 9. The complaint is confusing and therefore fails to provide Defendants with notice of what Smith alleges they did or did not do to violate his rights.

Smith's complaint also appears to run afoul of the rule against joining multiple unrelated claims against different defendants in the same pleading. "Unrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three strikes provision in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Also, under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. A plaintiff cannot proceed on a complaint that violates Rules 18 and 20.

The Court finds that Smith's complaint violates Rules 8(a)(2), 18, and 20 and therefore must be dismissed. If Smith wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described in this order. The Court will provide Smith a copy of its amended complaint form. **Smith must use the Court's form**. *See* Civil L.R. 9(b). If the space in the form is insufficient, Smith may add up to **five** additional pages. An amended complaint must be filed on or before **June 14, 2021**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No.*

*84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action.

Further, Smith is advised that 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Nor does §1983 create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Smith must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

**IT IS THEREFORE ORDERED** that Smith's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint filed on March 29, 2021 is **DISMISSED**.

**IT IS FURTHER ORDERED** that, if Smith wants to continue with this case, he must file an amended complaint on or before **June 14, 2021**, which contains a short and plain statement of only related claims in accordance with this order.

**IT IS FURTHER ORDERED** that, if Smith does not file an amended complaint by the deadline, this action will be dismissed based on the original complaint's failure to state a claim and Smith will be assessed a strike under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Smith a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Smith shall collect from his institution trust account the $326.98 balance of the filing fee by collecting monthly payments from Smith's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Smith is transferred to another institution, the transferring institution shall forward a copy of this Order along with Smith's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Smith is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Smith is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 14th day of May, 2021.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge