UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OSUNTOKA SMITH,

        Plaintiff,

        v.                                          Case No. 21-cv-0397-bhl

VINCENT BISKUPIC,
MATT KOHL, DETECTIVE BARTOLAZZI,
LT. VERHANE, LT. WEIRTZ,
SGT. WILSON, SGT. MCVEY,
SGT. SCHOOL and SGT. ROSENTHAL,

        Defendants.

---

## SCREENING ORDER

---

Osuntoka Smith, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 14, 2021, the Court screened Smith's complaint and gave him the opportunity to file an amended complaint, which he did on June 1, 2021. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure

and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Smith alleges that, in November 2019 at the Outagamie County Jail, Sergeants Wilson, School, McVey, and Rosenthal violated his rights by failing to return to him "a download of [his] cell phones extractions." He asserts that the contents of one phone were downloaded to a CD that "came up missing" and that the contents of a different phone were downloaded to a USB drive, on which everything but the pictures had been deleted. He states that the CD and USB drive were stored in a lockbox in the sergeants' office. According to Smith, other documents such as witness

statements went missing from his property bag. Smith asserts that he spoke to Lieutenants Verhane and Weirtz about the missing items. Dkt. No. 12 at 2, 4.

Smith also asserts that he encountered challenges with accessing copies of videos that had been stored on his phone. Sometime in 2020, a company called Joya allegedly forwarded videos to Matt Kohl on a USB drive. Smith asserts that Kohl downloaded the videos to a CD and gave them to him about a week later. According to Smith, Kohl altered some of the videos and more than 100 videos were deleted. He asserts that he found the deleted videos in the trash bin. It is not entirely clear, but it appears that Judge Vincent Biskupic had ordered Smith to get the videos from the company that hosted them because Smith would not be allowed to access his phones during his trial. Smith also asserts that his investigator was prevented from downloading all the contents from his phone because Detective Bartolazzi refused to take the phone out of airplane mode. Dkt. No. 12 at 3.

Finally, Smith registers disagreement with decisions that Judge Biskupic made during his trial. He asserts that his motions to dismiss for violation of the speedy trial rule were denied, his motions regarding tampering of evidence were ignored, some of his witnesses were blocked from testifying, and during the trial he was prohibited from using his phones even though the judge had previously ruled he would be allowed to use them. Dkt. No. 12 at 4.

## ANALYSIS

Smith previously raised similar allegations (among many others) in a complaint he filed last year in *Smith v. Galant*, 20-cv-0689 (E.D. Wis. May 4, 2020). That case was originally assigned to Magistrate Judge William Duffin, who screened the complaint as required by 28 U.S.C. §1915A.

With regard to Smith's allegations about decisions Judge Biskupic made during Smith's trial, Judge Duffin explained that "Judge Biskupic is absolutely immune from liability under § 1983." *Smith*, Case No. 20-cv-0689, Dkt. No. 8 at 6 (citing *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011)). Smith's claim against Judge Biskupic in this matter is frivolous and his attempt to pursue such a claim *again* – after being informed by Judge Duffin that the claim is barred by judicial immunity – constitutes a malicious litigation tactic. *See Heard v. Blagojevich*, 216 F. App'x 568, 570 (7th Cir. 2007) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) ("noting that frivolousness is an objective standard that refers to a claim that no reasonable person could suppose to have any merit" and "[a] malicious complaint is one brought for the purposes of harassment")). This claim will be dismissed.

As here, Smith's previous complaint also alleged that "the contents of [his] discovery turned up missing from the sergeants' office." *Smith*, Case No. 20-cv-0689, Dkt. No. 1 at 3; Dkt. No. 12 at 2. Smith does not assert that he was denied access to the courts as a result of the allegedly missing discovery. He references a trial, during which his phones sat on the prosecutor's table and he and the witnesses had opportunities to testify. Instead, Smith's claim appears to be premised only on the fact that his property was destroyed. He asks that Defendants be fired and he be awarded two million dollars. But, as Judge Duffin explained, these allegations fail to state a claim. *Smith*, Case No. 20-cv-0689, Dkt. No. 8 at 7. The Seventh Circuit has explained that, when property is not destroyed pursuant to a constitutionally infirm procedure but rather as a result of a state officials' random and unauthorized conduct, "due process requires only that an adequate post-deprivation remedy exist." *Kimmons v. Waupun Property Staff*, 1 F. App'x 496, 498 (7th Cir. 2001) (citations omitted). Because the Seventh Circuit has repeatedly held that "Wisconsin's post-

deprivation procedures are adequate," Smith fails to state a constitutional claim against the officers who he alleges destroyed his legal materials.

Finally, in his request for relief, Smith states that he "want[s] a retrial." Dkt. No. 12 at 5. Even if Smith had stated a claim, that relief is not available under §1983. Section "1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). In summary, Smith's amended complaint must be dismissed because he has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim, as frivolous, and as malicious.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of June, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.